# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 09-7048 |
| RODNEY J. STRAIN, JR.,ET AL. | SECTION "A"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Andrew David Wetzel, a state pretrial detainee,[1] filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants St. Tammany Parish Sheriff Rodney J. Strain, Jr., and Warden Gregory Longino.

In the complaint, plaintiff states his claim as follows:

> Sheriff Strain & Warden Longino are in charged of the St. Tammany Parish Jail. The inmates in the jail are denied access to legal books, law library, paralegals, inmate counsel and a notary's services. The 1200 inmates have to share 3 law books & journals which are at least 2-3 years old. Inmates must write a request and wait for a book, sometimes taking months.[2]

A Spears hearing was held in this matter on January 20, 2010.[3] At that hearing, plaintiff testified that he is currently detained pending trial on state charges of simple burglary and simple arson. In those criminal proceedings, the trial judge appointed a public defender to represent

---

[1] In the complaint, plaintiff states that he was convicted on May 1, 2009; however, at the Spears hearing held in this matter, he testified that he is a pretrial detainee.

[2] Rec. Doc. 1, p. 5.

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

plaintiff; however, plaintiff refused that appointment and is currently representing himself in the criminal proceedings.

The Court notes that plaintiff has also filed numerous civil lawsuits. In this Court alone, he has filed thirteen other federal lawsuits: Wetzel v. St. Tammany Parish Sheriff's Office, Civ. Action No. 08-4942 "N"(1) (on May 4, 2009, a report was issued recommending that plaintiff's claims be dismissed for failure to prosecute); Wetzel v. Slidell Police Department, Civil Action No. 09-0014 "J"(3) (dismissed on May 28, 2009, as frivolous and for failing to state a claim for which relief may be granted); Wetzel v. St. Tammany Parish Jail, Civ. Action No. 09-0025 "A"(5) (dismissed on March 4, 2009, as frivolous and for failing to state a claim for which relief may be granted); Wetzel v. Hammond Police Department, Civ. Action No. 09-0128 "D"(4) (on January 7, 2010, a report was issued recommending that plaintiff's claims be dismissed as frivolous and for failing to state a claim for which relief may be granted); Wetzel v. St. Tammany Parish Jail, Civ. Action No. 09-0166 "N"(3) (on March 4, 2009, the claims against two defendants were dismissed as frivolous and for failing to state a claim for which relief may be granted; on May 4, 2009, a report was issued recommending that the remaining claims be dismissed for failure to prosecute); Wetzel v. Strain, Civ. Action No. 09-6353 "J"(3) (on January 20, 2010, a report was issued recommending that plaintiff's claims against two defendants be dismissed for failing to state a claim for which relief may be granted; remaining claims pending); Wetzel v. Strain, Civ. Action No. 09-6599 "A"(3) (claims against two defendants were dismissed on November 13, 2009, as frivolous and for failing to state a claim for which relief may be granted; remaining claims pending); Wetzel v. Strain, Civ. Action No. 09-7139 "S"(3) (dismissed on December 17, 2009, as frivolous and for failing to state

a claim for which relief may be granted); Wetzel v. Strain, Civ. Action No. 09-7198 "D"(1) (a report was issued on this date recommending that plaintiff's claims be dismissed as frivolous and for failing to state a claim for which relief may be granted); Wetzel v. Penzato, Civ. Action No. 09-7211 "C"(1) (dismissed on December 23, 2009, as frivolous, for failing to state a claim for which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief); Wetzel v. Swartz, Civ. Action No. 09-7380 "S"(5) (on January 6, 2010, a report was issued recommending that plaintiff's claims be dismissed as frivolous, malicious, and for failing to state a claim for which relief may be granted); Wetzel v. Strain, Civ. Action No. 09-7633 "R"(3) (on January 20, 2010, a report was issued recommending that plaintiff's claims be dismissed as frivolous); and Wetzel v. Strain, Civ. Action No. 09-7637 "C"(4) (currently pending).[4]

Plaintiff has also filed in this Court three *habeas corpus* petitions: Wetzel v. Foti, Civ. Action No. 09-7445 "N"(6); Wetzel v. Foti, Civ. Action No. 09-6450 "N"(6); and Wetzel v. Foti, Civ. Action No. 09-7449 "N"(6). Reports have been issued in those cases recommending that the petitions be dismissed for failure to exhaust state court remedies.

Plaintiff testified at the Spears hearing that he has also been litigating matters in other courts, such as a divorce in state court which is currently stayed.

---

[4] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985); see also Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *1 n.2 (E.D. La. Jan. 11, 2010);

Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[5]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[6] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Access to Courts

It is clear that inmates have a constitutional right of meaningful access to the courts, which includes a right of access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). That right extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners. See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Sosa v. Strain, Civil Action No. 06-9040, 2007 WL 1521441, at *6 n.8 (E.D. La. May 22, 2007); Buckenburger v. Strain, Civil Action No. 06-5670, 2006 WL 4503353, at *3 (E.D. La. Oct. 20, 2006); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, claims alleging violations of the right of access to courts are not cognizable unless the inmate's position as a litigant was prejudiced by the denial of access. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

As to plaintiff's access-to-courts claim with respect to his state criminal proceedings, that claim is clearly frivolous. At the Spears hearing, plaintiff testified that a public defender was appointed to represent him in his criminal case. The appointment of counsel satisfies a pretrial detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not

additionally entitled to independent access to a law library and legal materials. Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001); Giroir v. Pittman, Civ. Action No. 07-5670, 2008 WL 1884054, at *4 n.8 (E.D. La. Apr. 27, 2008); Mitchell v. Gusman, Civ. Action No. 07-5470, 2008 WL 449650, at *3 (E.D. La. Feb. 14, 2008); Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3; Kirkpatrick, 2006 WL 2401108, at *4; Williams v. Bartel, Civil Action No. 05-21, 2006 WL 2547064, at *3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006). The fact that plaintiff subsequently refused the appointment of counsel and insisted on representing himself is of no moment. Where, as here, the inmate knowingly and voluntarily waives appointment of counsel, he is not entitled to access to a law library to proceed *pro se*. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); see also Sosa, 2007 WL 1521441, at *6 n.8; Buckenburger, 2006 WL 4503353, at *3.

As to plaintiff's access-to-courts claim with respect to his numerous federal civil rights lawsuits and *habeas corpus* petitions, that claim is also frivolous. As noted previously, an inmate's right of access to courts is violated only if his position as a litigant was prejudiced with respect to a nonfrivolous claim. As recounted above, the majority of plaintiff's federal claims have been reviewed and found to be frivolous by the members of this Court. Further, as to the claims which have not (or at least not yet) been found to be frivolous, plaintiff cannot show that he has been

7

prejudiced by the alleged denial of access to adequate legal materials or services. At the Spears hearing, plaintiff was unable to identify any prejudice suffered (such as the wrongful dismissal of a claim or an adverse action based on a missed deadline), and this Court, having reviewed the records of those actions, has likewise found none.

Lastly, as to any effect on plaintiff's other types of legal cases, the right of access to courts does not encompass such matters. Rather, as noted, the right encompasses only access to law libraries or assistance from legally trained personnel necessary to file nonfrivolous legal claims challenging an inmate's *convictions or conditions of confinement*. Jones, 188 F.3d at 325. As the United States Supreme Court has noted, "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Lewis v. Casey, 518 U.S. 343, 355 (1996); see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Griffin v. Reed, Civ. Action No. 06-6763, 2006 WL 3715778, at *4 (E.D. La. Dec. 12, 2006). Moreover, in any event, plaintiff again was unable to identify any type of prejudice he suffered in his other types of cases as a result of the allegedly deficient law library and legal services program at the St. Tammany Parish Jail.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-second day of January, 2010.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.